

570 Broad Street / Suite 1201 / Newark, NJ 07102
**P:** 973.623.3000 / **F:** 973.623.0858 / litedepalma.com

Newark ▮ Chicago ▮ Philadelphia

November 30, 2015

**VIA ECF**
Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

      Re:    *DeMarco v. AvalonBay Communities, Inc.*
              **Civil Action No. 15-628(JLL)(JAD) (consolidated cases)**

Dear Judge Dickson:

      Together with our co-counsel, this office is Interim Co-Lead Counsel for plaintiffs in these consolidated cases.  Please accept this letter in response to defendant's two November 25, 2015 letters.  Docket Entry Nos. 70, 71.  One of those letters, Docket Entry No. 70, contained an informal motion to compel discovery of plaintiffs' tax returns, bank statements, and credit card statements.  The other, Docket Entry No. 71, sought to delay further the schedule for plaintiffs' motion for class certification, which was filed on June 8, 2015, Docket Entry No. 28.  For the reasons stated below, plaintiffs respectfully submit that the Court should deny defendant's motion to compel in its entirety, and deny defendant's request to delay yet again the service of its opposition to class certification.

      Defendant's motion to compel discovery rests largely on a single fundamental fallacy that begins with the statement that "class certification is inappropriate when [q]uestions of individual damage calculations will inevitably overwhelm questions common to the class."  Docket Entry No. 70, at 3-4 (quoting *Bright v. Asset Acceptance*, 292 F.R.D. 190, 201-02 (D.N.J. 2013)).  *Bright* in turn referred to *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013), an antitrust case, which said, in that sort of case, plaintiffs must offer damage proofs that apply on a classwide basis.  Defendant then says that because the damages of each class member here vary, "the Court will need to analyze each individual's alleged damages to determine if there is a reliable method for calculating damages on a class-wide basis," and therefore defendant is "entitled to investigate" each named plaintiff's tax returns, bank statements, and credit card statements.  Docket Entry No. 70, at 4.

      Defendant's position has been explicitly rejected by the Third Circuit as a misreading of *Comcast*, and plaintiffs have asserted as far back as June 2015 that "the amount of damages has no bearing on class certification."  *See* Docket Entry No. 39, at 2 (June 30, 2015 letter to Judge

**LITE DEPALMA GREENBERG**

Honorable Joseph A. Dickson, U.S.M.J.
November 30, 2015
Page 2

Dickson, citing plaintiffs' June 8, 2015 brief in support of their motion for class certification, Docket Entry No. 28, at 16-18).

Even before *Comcast*, the law was clear that variations in individual damages have no bearing on class certification. *E.g.*, *Kalow & Springut, LLP v. Commence Corp.*, 272 F.R.D. 397, 404, 407-08 (D.N.J. 2011) (discussing numerous prior cases of all types and stating that "while the class members may have incurred different damages …, this issue does not preclude a finding of predominance" under Fed. R. Civ. P. 23(b)(3) or commonality under Rule 23(a)(2)).[1]

*Comcast* did not change that rule. In *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353 (3d Cir. 2015), the Third Circuit rejected the very argument that defendant makes here— that *Comcast* requires that "Plaintiffs must show that 'damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3).'" *Id*. at 374 (citation omitted).

The court in *Neale* expressly refused to accept the notion that *Comcast* was "creating a broad-based rule applicable to Rule 23(b)(3)," and instead stated that *Comcast* was "specific to the antitrust claim at issue." *Id*. Citing post-*Comcast* decisions by "several of our sister courts," *id.*, the Third Circuit concluded that, as before, "[r]ecognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal. Had the District Court ruled as Volvo requested, denying certification on that basis alone would have amounted to an abuse of discretion." *Id*. at 375. To whatever extent *Bright*, defendant's sole authority here, might be to the contrary, *Neale* has overruled it.

Both before and after *Neale* (and after *Comcast*), District of New Jersey judges, including Judge Linares, likewise have granted class certification, after *Comcast*, despite variations in individual damages. *See*, *e.g.*, *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-5275, 2015 U.S. Dist. LEXIS 57187, at *35 (D.N.J. April 30, 2015); *Schwartz v. Avis Rent A Car Sys., LLC*, No. 11-4052, 2014 U.S. Dist. LEXIS 121322, at *22 (D.N.J. Aug. 28, 2014) ("the need to calculate damages on an individual basis should not preclude class [certification] when the common issues which determine liability predominate") (citation omitted).

Indeed, plaintiffs' class certification brief cites a number of single incident/mass catastrophe cases that granted class certification even though the amount of damages due to each class member varied. *See* Docket Entry No. 28-1, at 16-18. As those cases teach, questions of individual class member damages can be addressed in post-class certification proceedings.

---

[1] Judge Wolfson denied class certification in this decision, solely because the parties had not offered sufficient information about a choice of law issue. 272 F.R.D. at 410. Thereafter, when that information was supplied, Judge Irenas certified a class. *Kalow & Springut, LLP v. Commence Corp.*, No. 07-3442, 2012 U.S. Dist. LEXIS 173785 (D.N.J. Dec. 7, 2012).

**LITE DEPALMA GREENBERG**

Honorable Joseph A. Dickson, U.S.M.J.
November 30, 2015
Page 3

      In the present case, liability issues are at the core of the case, and defendant's Answer, Docket Entry No. 69, vigorously contests liability in virtually every paragraph, and in numerous separate defenses that apply across the putative class. In light of that, and under the binding authority of *Neale*, differences in individual class member damages cannot defeat class certification here, and defendant's demand for discovery of tax returns and other financial information, for the sole purpose of showing purported differences in damages so as to be able to argue that on class certification, should be denied. *See also* Fed. R. Civ. P. 23(c)(4) (recognizing that a class can be certified "with respect to particular issues," such as liability).

      Defendant then tries a variation on that failed argument, speculating that plaintiffs might have "improperly inflated their damage claim." Docket Entry No. 70, at 5. Defendant does not even try to support that contention as to any plaintiff except Ms. Gutierrez, and even as to her, defendant's own cited cases do not help its argument.

      "For an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." *E.g.*, *Fox v. Riverview Realty Partners*, No. 12 C 9350, 2014 U.S. Dist. LEXIS 55260, at *32-33 (N.D. Ill. April 22, 2014) (quoting *C.E. Design, Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011)). Thus, defendant's cited New Jersey case says that purported credibility issues are relevant to class certification only "when sufficiently serious." *Weikel v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377, 397 (D.N.J. 1988). That is a high bar, as *Weikel* itself shows, since that case <u>rejected</u> the "lack of credibility" argument and certified the class. *Id*.

      *Bontempo v. Wolpoff & Abramson*, No. 06-745, 2007 U.S. Dist. LEXIS 102448 (W.D. Pa. Dec. 13, 2007), involved a fraudulent scheme by the plaintiff regarding credit cards that underlay his claim in the putative class action, as well as misrepresentations about "agreements that will be relied upon by class members in asserting their claims," *id*. at *28, issues "central to the litigation itself," *id*. at *27 (citing *Kline v. Wolf*, 702 F.2d 400 (2d Cir. 1983)). In *Kline*, plaintiffs' credibility issues were "critical to one of their two causes of action." 702 F.2d at 403.

      Here, amount of damages (even if otherwise germane to class certification, which it is not, as shown above) is not "central" or "critical" to the case. There is no question that Ms. Gutierrez's apartment burned and that all her possessions (and those of her children) in that apartment were destroyed, so she plainly suffered thousands of dollars in damages. Defendant is trying to conjure up "trivial credibility problems or insubstantial defenses," *C.E. Design*, 637 F.3d at 728, to justify intrusive and unwarranted discovery of plaintiffs' tax returns and other financial information. If there were a credibility issue as to the amount of damages claimed by Ms. Gutierrez, defendant could try to make hay with that at trial, but it is no basis for the class certification discovery that defendant seeks. *Weikel*, 183 F.R.D. at 397; *see also King's Choice*

554756.1

**LITE DEPALMA GREENBERG**

Honorable Joseph A. Dickson, U.S.M.J.
November 30, 2015
Page 4

*Neckwear, Inc. v. FedEx Corp.*, No. 07-275, 2009 U.S. Dist. LEXIS 18756, at *8-9 (D.N.J. March 11, 2009) (rejecting "lack of credibility" argument and finding adequacy).[2]

      Courts regularly deny discovery of class action plaintiffs' tax returns, bank statements, and credit card statements as overly intrusive and not relevant on any issue in the case. *E.g.*, *Perry v. Margolin & Weinreb Law Group LLP*, No. 14-3511, 2015 U.S. Dist. LEXIS 88071, at *6-11 (E.D.N.Y. July 7, 2015) (rejecting demand for discovery of nearly four years' worth of tax returns, checking account statements, and debit card statements); *Ragonetti v. Epitope, Inc.*, No. 92-759, 1992 U.S. Dist. LEXIS 22706, at *3 (D. Or. Oct. 8, 1992) ("discovery of income tax returns would tend to invade the plaintiffs' privacy and have a chilling effect upon the bringing and maintenance of class action suits contrary to the intent of Congress"). Tax returns and other financial information have no bearing on whether these plaintiffs suffered damages and how much those damages are, and defendant's demand for them is designed merely to harass and burden plaintiffs, who have already collectively produced 1,292 pages of documents in response to defendant's requests. *See* Docket Entry No. 70-1, at 12 (asserting those objections).

      Moreover, given that the fire destroyed everything in plaintiffs' homes, defendant's demands go beyond the Federal Rules and require plaintiffs to obtain the requested documents from third parties. For that reason too, defendant's motion to compel should be denied.

      Since defendant is not entitled to any of the discovery it seeks to compel, defendant should be required to serve its opposition to plaintiffs' motion for class certification by January 8, 2016, as this Court previously directed. *See* Docket Entry No. 58.

      Plaintiffs and defendant had discussed deposition dates in the week of December 7 for the named plaintiffs, given the current December 10 deadline to complete class discovery. Since that is next week, and plaintiffs (especially Mr. Loposky, who would have to arrange to fly to New Jersey from Arizona, where he moved after the fire) would have to be available on what is now short notice, and since the Court has scheduled a settlement conference for December 14, 2015, plaintiffs respectfully suggest that the time for defendant to take those depositions by

---

[2] Defendant makes much of Ms. Gutierrez's omission from her interrogatory responses of a December 23, 2010 Chapter 13 bankruptcy petition. *See* Docket Entry No. 70, at 5. This omission was the result of an inadvertent oversight of the response date in the interrogatory, which asked for information about "financial problems" going back to January 1, 2010. While a bankruptcy filing from five years ago has no relevance to a fire that occurred in 2015, plaintiffs are nonetheless endeavoring to amend their discovery responses to disclose this event. This does not justify defendant's demands for tax returns or other personal financial information, or support a delay in defendant's opposition to class certification because AvalonBay clearly already has the documents from the bankruptcy proceeding. *See* Docket Entry No. 70 at 4 n.5.

554756.1

**LITE DEPALMA GREENBERG**

Honorable Joseph A. Dickson, U.S.M.J.
November 30, 2015
Page 5

extended by thirty days, until January 11, 2016. If defendant finds, after taking the depositions, that it has anything to add its January 8, 2016 submission in opposition to class certification, the Court could allow a short supplement that addresses only such new issue(s) to be served no later than January 15, 2016. Plaintiffs would file their reply and all preceding papers as scheduled, and the motion would be ready for consideration by Judge Linares.

      For the reasons set forth above, defendant's motion to compel discovery should be denied, defendant's request for an extension of time to serve its opposition to the pending motion for class certification should be denied, and the time for defendant to depose the plaintiffs or waive the right to do so should be extended until January 11, 2016, as discussed in the preceding paragraph.[3]

      Thank you very much for your consideration.

      Respectfully,

      */s/ Bruce D. Greenberg*

      Bruce D. Greenberg

bdg/abm

cc:     All Counsel (via ECF)

---

[3] Defendant's request to file a reply on its motion to compel should be denied. Under L. Civ. R. 37.1(b)(3), the presumption is that no reply papers are permitted on a discovery motion. Defendant has not explained why the Court should deviate from that presumption, especially where defendant has already submitted not just one, but two, lengthy single-spaced letters on the subject.

554756.1