NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALESSANDRO DEMARCO et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC.,<br>ABC CORPORATIONS 1-10, and JOHN<br>DOES 1-10,<br><br>    Defendants. | Civil Action No. 15-628 (JLL) (JAD)<br><br>OPINION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Proposed Intervenors' Motion to Intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, pursuant to Federal Rule of Civil Procedure 24(b). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon careful consideration of the parties' submissions, and for the reasons stated below, the Proposed Intervenors' Motion is **DENIED**.

To address other issues raised by the Proposed Intervenors, however, they may file a brief as Amicus Curiae in the pending "Unopposed Motion for Preliminary Approval of Class Action Settlement" within ten days of the Opinion and Order.

I.      **BACKGROUND.**

A fire occurred at AvalonBay Community Inc.'s ("AvalonBay") apartment community, Avalon at Edgewater ("Avalon"), on January 21, 2015. (Am. Compl., ECF No. 26, ¶ 1). Avalon was comprised of two adjacent apartment buildings: the Russell complex, which burned down, and the River Mews complex, which remained intact following the fire. (Id. at ¶¶ 2, 3).

### a. The *DeMarco* Action

On January 29, 2015, Plaintiffs Alessandro DeMarco and Amanda Bayer, husband and wife, brought a putative class action Complaint against AvalonBay "on behalf of themselves and all other similarly situated tenants and residents that were displaced or otherwise impacted by the January 21, 2015 fire", in order to "recover . . . all property damage[] and for reimbursement of individual losses sustained by Plaintiffs, as a result of Defendant's conduct." (Compl., ECF No. 1, ¶¶ 1, 2).

On March 17, 2015, the Honorable Jose L. Linares, U.S.D.J., consolidated this matter with Digna Gutierrez v. AvalonBay Communities Inc., et al., Civil Action No. 15-cv-1069 (JLL) (JAD), and Robert Loposky v. AvalonBay Communities Inc., et al., Civil Action No. 15-cv-1353 (JLL) (JAD) (collectively "the DeMarco action"). (ECF No. 18). On May 22, 2015, AvalonBay filed a Motion to Consolidate the consolidated DeMarco action with the recently removed action, Voronov v. AvalonBay Communities, Inc., Civil Action No. 15-cv-2740 (JLL) (JAD). (ECF No. 25).

On June 8, 2015, the Plaintiffs in the DeMarco action filed a Motion to Certify Class pursuant to Federal Rule of Civil Procedure 23. (ECF No. 28). On June 12, 2015, this Court noted that Plaintiffs' application was premature and terminated Plaintiffs' Motion to Certify Class without prejudice to Plaintiffs' right to re-file their application at a more appropriate time and with leave of Court. (ECF No. 32). Following an in-person status conference with the Court, the Voronov action was consolidated with the DeMarco action and the parties agreed that Plaintiffs would move for class certification with respect to both the Russell Plaintiffs and the River Mews Plaintiffs. (See ECF No. 58). The parties further stipulated to conduct discovery in connection to class certification issues. Id. This Court then set a briefing schedule with regard to the Motion for

2

Class Certification, which set the date for re-filing of the fully briefed motion for January 22, 2016. (ECF No. 61).

### b. The State Court Action

Pending in the Superior Court of New Jersey, Law Division, Bergen County, is the consolidated matter Jacobo v. Avalon Bay, bearing docket number BER-L-1083-15 (the "State Court Action"). The State Court Action "is comprised of twenty individual lawsuits filed on behalf of fifty-three apartments in the Russell Building against . . . AvalonBay . . . and several individual AvalonBay employees whose conduct" caused the fire at issue. (ECF No. 102-1, at 1). Plaintiffs in the State Court Action allege the January 21, 2015 fire was caused by AvalonBay's negligent construction and maintenance of Avalon. (See Epstein Cert., Ex. A, ECF No. 102-3). The Epstein Law Firm, P.A., are attorneys for forty-seven of the fifty-three apartments in the State Court Action, and are designated lead counsel. Id.

### c. Motions to Intervene

On November 10, 2015, The Epstein Law Firm, P.A., filed a Motion to Intervene on behalf of the plaintiffs in the State Court Action ("Proposed Intervenors") "for the sole purpose of addressing plaintiffs' Motion for Class Certification." (ECF No. 67-6-, at 4). On June 14, 2016, this Court denied the motion as moot because the parties reached a settlement. (ECF No. 99). On July 8, 2016, after three settlement conferences with this Court, the Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. (ECF No. 100). On July 11, 2016, the State Court Plaintiffs filed the instant Motion to Intervene. (ECF No. 102). The Proposed Intervenors move to intervene to "safeguard their interests and the interests of other former Russell Building leaseholders and occupants who have elected to forego the Putative Class Action and

3

ensuring that this Court considers the existence, true nature, scope, and significance on the State Court Action" in connection with the proposed settlement. (ECF 102-1, at 5).

## II. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure governs motions to intervene. Intervention can be granted as of right under Rule 24(a)(2), or permissively under Rule 24(b). Subsection (a)(2) provides in part:

> (a) On timely motion, the court must permit anyone to intervene who:
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a)(2).

Rule 24 allows for "an absentee [to] be joined so that he may protect his interest which as a practical matter may be substantially impaired by the disposition of the action[.]" Fed. R. Civ. P. 24, Advisory Committee Notes, 1966. Pursuant to Rule 24(a)(2), to intervene as a matter of right, the proposed intervenor must demonstrate: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected by the disposition of the action; and (4) the interest is not adequately represented by an existing party to the litigation." In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig., 418 F.3d 277, 315 (3d Cir. 2005), 418 F.3d 277, 315 (3d Cir. 2005) (quoting Harris v. Pernsley, 820 F.2d 592, (3d Cir. 1987)). The Proposed Intervenors bear the burden of proving each element "and failure to prove any one of the criteria is sufficient grounds to deny the motion." Worthington v. Bayer Healthcare LLC, No. 11-2793 (ES) (CLW), 2011 WL 6303999, at *2 (D.N.J. Dec. 15, 2011).

If the court finds that the movant did not establish intervention as of right, the applicant may move for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Under Fed. R. Civ. P. 24(b), "[o]n a timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Permissive intervention has universally been left to the sound discretion of the district court." Cont'l Cas. Co. v. SSM Group, Inc., 1995 WL 422780, at *5 (E.D. Pa. July 13, 1995) (citing National Wildlife Fed'n v. Rucklehaus, 99 F.R.D. 558 (D.N.J. 1983)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Moreover, "[t]he Court is not under any obligation to permit intervention simply because there are questions of law or fact in common." Nicholas v. Saul Stone & Co. LLC, No. 97-860 (AET), 1997 U.S. Dist. LEXIS 23821, at *19 (D.N.J. Oct. 11, 1997) (citing Wolf v. Procter & Gamble Co., 555 F. Supp. 613, 627 (D.N.J. 1982)).

### III. DISCUSSION

For the reasons stated below, this Court finds that the Proposed Intervenors have not met their burden of demonstrating that they are entitled to intervention as a matter of right or permissively.

#### a. Intervention as of Right

The Proposed Intervenors argue that they are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) because their application satisfies the required standard, "which is 'liberally construed in favor of intervention.'" (ECF No. 102-1, at 6) (quoting N.L.R.B. v. Frazier, 144 F.R.D. 650, 655 (D.N.J. 1992)).

5

### i. Timeliness

Timeliness for purposes of a motion to intervene is determined by the court in an exercise of its sound discretion and "is not just a function of counting days; [rather] it is determined by the totality of the circumstances." United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1181 (3d Cir. 1994). While the progression of the case is one factor to consider, it is not dispositive. Nat'l Ass'n for Advancement of Colored People v. New York, 413 U.S. 345, 366 (1973). Notably, "where a party takes reasonable steps to protect its interest, its application should not fail on timeliness grounds." Alcan Aluminum, 25 F.3d at 1182. In considering whether a motion to intervene is timely, courts typically consider: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 223 F.R.D. 326, 328 (D.N.J. 2004) (quoting Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995)).

The DeMarco Plaintiffs and Defendants ("the Parties") argue that the instant Motion to Intervene is untimely. (ECF No. 107, at 4-5). First, the Parties argue that the Proposed Intervenors had multiple opportunities to participate in the settlement proceedings, but chose not to do so. Id. Thus, the Parties believe that because the Proposed Intervenors did not take advantage of the chance to be involved in the settlement discussions, a request to participate now is untimely. Second, the Parties argue "discovery was well-advanced in this matter before settlement was achieved." Id. at 5. Case law cited by the Proposed Intervenors and the Parties supports that an advanced stage of discovery in a civil action may cause a motion to intervene to be untimely. See In re Flash Memory Antitrust Litig., No. 07-0086, 2007 WL 3119612, at *1 (N.D. Cal. Oct. 23, 2007) (motion to intervene timely where "[d]iscovery has not yet commenced, nor has there been an initial case management conference"); SEC v. Mutuals.com, Inc., No. 03-2912, 2004 WL

6

1629929, at *1 (N.D. Tex. July 20, 2004) (where motion to intervene was filed before discovery commenced, the action was not "pending long enough so that the government's intervention will prejudice the parties").

The Proposed Intervenors argue that their application is timely because they "seek to participate in the Unopposed Motion for Preliminary Approval of the Class Action Settlement and any subsequent proceedings concerning the proposed settlement . . . [and] [g]iven the limited and specific purpose of the requested intervention, the fact that plaintiffs filed their motion [] Friday July 8, 2016 and it is still pending, and that no party will be prejudiced by the requested intervention, the instant motion" is timely. (ECF No. 102-1, at 6-7).

The Court agrees that the motion was timely considering the limited and specific purpose of the requested intervention. The Proposed Intervenors acted promptly after the Plaintiffs filed their "Unopposed Motion for Preliminary Approval of the Class Action Settlement". (ECF No. 100).

### ii. Sufficient Interest in the Underlying Action

Proposed Intervenors' application also demonstrated a "significantly protectable" interest in the underlying action. Proposed Intervenors have a sufficient interest in a civil action only where the interest is "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531 (1971). The Third Circuit has held that an interest is sufficient to intervene as of right where it is "a legal interest as distinguished from interests of a general and indefinite character." Mountain Top Condo, 72 F.3d at 366 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987)). But it is also important to note that an economic interest in the outcome of the litigation is insufficient to support a motion to intervene. See Alcan Aluminum, 25 F.3d at 1185. "Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily

does not give the third party a right to intervene." Mountain Top Condo, 72 F.3d at 366 (3d Cir. 1995).

The Proposed Intervenors argue they have an interest in participating in the pending "Unopposed Motion for Preliminary Approval of the Class Action Settlement" because they "are potential members of the proposed settlement class, and are, thus, subject to the terms of the proposed settlement." (ECF No. 102-1, at 8). The Parties argue that the Proposed Intervenors "true interest is in safeguarding their interests in their separate cases" and is not sufficient to intervene here. (ECF No. 107, at 6).

Whether or not the Parties are correct as to the true motives of the Proposed Intervenors, they have demonstrated that they have a specific interest in the underlying action. Proposed Intervenors are members of the proposed class. Furthermore, if the Proposed Intervenors decide to participate and object to the class action settlement agreement, they would be bound to the final settlement agreement.

### iii. Impairment of the Interest

When determining whether there is an impairment, "courts look to the 'practical consequences' of denying intervention." Forest Cty. Potawatomi Cmty. v. United States, No. 15-105, 2016 WL 1465324, at *3 (D.D.C. Apr. 14, 2016). "The Third Circuit instructs that, "[o]nce an applicant for intervention has established that he or she possesses a sufficient legal interest in the underlying dispute, the applicant must also show that this claim is in jeopardy in the lawsuit." Little-King v. Hayt Hayt & Landau, No. 11-5621 (MAH), 2013 U.S. Dist. LEXIS 129587, *59 (D.N.J. Sept. 10, 2013) (quoting, Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005)). "The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." Harris, 820 F.2d at 601 (3d Cir. 1987).

In Little-King, a class action matter, objectors brought a motion to intervene after preliminary approval of the settlement agreement, inter alia, to "[p]reserve their rights on behalf of themselves and other class members to pursue claims for violations of the Fair Debt Collection Act ("FDCPA") against the Defendants which have not been asserted by the class representatives, but which may be released by the proposed settlement." Id. at *55.[1] The Court held that the objector's arguments were without merit. "Although approval of the settlement affects the Objectors, the Courts decision regarding the intervention motion will not finally dispose of any right or claim that they might have differently than if they were allowed to intervene." Id. at *60. (citing Marino v. Ortiz, 484 U.S. 484 (1988)). The Little-King Court went further and found that the objector's claims were "fully preserved" without intervention. Id. at *59. Finally, the court noted that "the Supreme Court has held that the right to appeal is not restricted to named parties to the litigation." Id. at *60. (citing Devlin v. Scardelletti, 536 U.S. 1, 7 (2002)). "Unnamed class members who are parties may appeal the approval of a settlement." Id. at. *60. (citing Marino v. Ortiz, 484 U.S. 484 (1988)), thus, implicating another level of protection.

The Proposed Intervenors argue that the proposed settlement will impair their rights because the "Unopposed Motion for Preliminary Approval of the Class Action Settlement" would, inter alia, require them to "release all claims that relate to the subject matter of this litigation." (ECF No. 111, at 10). They further argue that the parties' reliance on Little-King is unavailing. Id. Proposed Intervenors argue, "[u]nlike the objectors in Little-King, the Proposed Intervenors'

---

[1] Unlike the matter at hand, the objectors filed a motion to intervene after the court granted preliminary certification of the class and approval of the settlement. Id. at *4. "[T]he parties provided notice of the action and settlement to potential class members, informing them of their rights to be part of the class, to be excluded from the class, or to object. The Court received four objections and a motion to intervene by three of the Objectors. . ." Id. at *4. Here, the motion for intervention is brought during the pendency of the motion for preliminary approval of the settlement. The Proposed Intervenors have two opportunities to argue their positions. The first opportunity is through their attorney, when they file an amicus curiae brief in the pending proceeding. The second opportunity is if settlement is finally approved.

9

interests are in direct conflict with those of class counsel, the named class members, and other class members whose harms and losses are presumably fully addressed by the proposed settlement and can be resolved through participation in the proposed claims process." Id.

First, nowhere is this conflict explained. The implication is that class counsel and the class members are not interested in maximizing the settlement. This implication has no factual basis in the record. But more importantly, the Proposed Intervenors have the same choices that every putative class member has to consider. The Stipulation to Class Action Settlement and the Notice state that the class members have the option of either participating, objecting or opting-out of the Class Action Settlement. (ECF No. 101-1, at 27-31, ECF No. 101-2, at 1). As in Little-King, if the Proposed Intervenors object to the Class Action Settlement Agreement, they will have an opportunity to prepare a written objection and be heard at the final approval hearing. (ECF No. 101-1, at 29-30, ECF No. 101-2, at 10). In other words, Proposed Intervenors' rights are not impaired as they have all the rights of all class members. Their rights are no different and no less than all other class members. As a matter of fact, they have an additional option. The Proposed Intervenors may choose to opt out of the Class Action Settlement and proceed with the pending suit in State court. In that regard, it can be argued that they are more protected than all other class members. The Proposed Intervenors have failed to demonstrate that, if they are prevented from intervening, their claims will be impaired.

### iv. Adequate Representation

The burden "is on the applicant for intervention to show that his interests are not adequately represented by the existing parties." Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982). "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." In

10

re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig., 418 F.3d 277, 315 (3d Cir. 2005).

The Proposed Intervenors argue that their interests are not adequately represented by the Putative Class Action litigants. (ECF No. 102-1, at 8). They argue that the "Plaintiffs and their counsel are ostensibly seeking to settle the claims of the proposed class as a whole whereas the proposed intervenors . . . are seeking to maximize the recovery of each and every individual based on their respective claims." (Id. at 8-9). The Proposed Intervenors also argue that they cannot be adequately represented because they "seek to recover damages beyond those accounted for in the proposed settlement, including, inter alia, emotional distress damages, full loss of property interests, full displacement costs, full attorneys' fees, treble damages under the New Jersey Consumer Fraud Act, breach of contract and punitive damages based on reckless or willful and wanton conduct." (Id. at 9).

The Parties argue that the Proposed Intervenors "cannot overcome the presumption of adequate representation." (ECF No. 107, at 7). They assert that because both the Plaintiffs and the Proposed Intervenors "assert the same type of economic injury claims in their respective lawsuits" the Proposed Intervenors' interests are adequately represented. Id.

This Court finds that because the existing Plaintiffs are seeking to maximize their economic recovery in the same way as the potential intervenors, there is no adversity of interest. Any party who is concerned about maintaining claims beyond those in this case, like the personal injury claims in the State court, may choose to opt-out of the settlement. Indeed, these Proposed Intervenors have already initiated their own lawsuits. The existing parties adequately represent the applicants' interests.[2]

---

[2] The Proposed Intervenors' argument that they seek to "maximize the recovery of each and every individual based on their respective claims" is an argument usually advanced by defendants in class action suits seeking to defeat

11

### b. Permissive Intervention

Under Federal Rule of Civil Procedure 24(b), the court may grant permissive leave if the intervenor (1) acts timely and (2) shares a claim or defense to that of the case. Fed. R. Civ. P. 24(b). It is within the court's discretion to grant permissive intervention. Brody By & Through Sugzdinis v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992). The Third Circuit has held that "if intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well." Id.

This Court finds that intervention is not appropriate here. The application to intervene was timely and the applicants' claims arise from the same nucleus of operative fact as Plaintiff's claims. However, intervention is unnecessary, for all the reasons set forth above.

### c. Notice to Proposed Intervenors

In its reply, Counsel for Proposed Intervenors argued that failure to intervene at this stage would "allow the parties to circumvent the rules of professional conduct by providing all legal notices to the Proposed Intervenors directly as opposed to providing the notice to their attorneys as their designated representatives." (ECF No. 111, at 10). This is not a reason for intervention and not the appropriate forum for this issue. I note that the notice informs the Settlement Class members that they may respond through counsel. (ECF No. 101-2, at 10). Finally, at oral argument, Counsel for Plaintiffs informed the Court that notice to the class members would be provided by a claims administrator, not counsel for the parties. (ECF No. 116, at 21). In any event, this issue is one to be decided in connection with the Motion for Preliminary Approval of the Settlement. Accordingly, the Proposed Intervenors shall be permitted to file an Amicus Curiae brief.

---

certification because the Plaintiff cannot meet the standards of Fed. R. Civ. P. 23 (i.e. commonality and typicality). To individualize the claims would fly in the face of the purpose of a class action. Intervention on this basis serves no legitimate purpose.

12

IV.     **CONCLUSION.**

For the reasons set forth above, the Proposed Intervenors' Motion to Intervene is **DENIED**. Proposed Intervenors may file a brief as an Amicus Curiae in the pending "Unopposed Motion for Preliminary Approval of Class Action Settlement" within ten days of the Opinion and Order.

SO ORDERED

*Joseph Dickson*
Joseph A. Dickson, U.S.M.J.

Cc:     Honorable Jose L. Linares U.S.D.J.