**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALESSANDRO DEMARCO, et al., | : | CIVIL ACTION NO. 15-628 (JLL) |
| Plaintiffs, | : | **OPINION** |
| v. | : | |
| AVALONBAY COMMUNITIES, INC., et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

The plaintiffs in this action (hereinafter, "the Federal Plaintiffs"), with the consent of the defendants, move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 23(a) and Rule 23(b)(3) to:

- preliminarily certify this matter as a class action for the purposes of settlement only;

- appoint the counsel for the Federal Plaintiffs — Lite DePalma Greenberg, LLC, Chimicles & Tikellis LLP, and Wilentz, Goldman & Spitzer P.A. — as counsel for the settlement class, and to appoint the Federal Plaintiffs Ebony Cooley and Digna Gutierrez as the class representatives;

- preliminarily approve the proposed settlement;

- direct notice to the class members that is consistent with the notice plan in the settlement; and

- schedule a final approval hearing.

(See dkt. 125 through dkt. 125-6; dkt. 129.)[1] However, an amicus curiae brief objecting to the relief being sought in motion has been filed by counsel representing different plaintiffs in related New Jersey state court actions (hereinafter, "State Court Counsel"). (See dkt. 128 through dkt. 128-9.)

The Court addresses the objections and resolves the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). In doing so, the Court is guided by the holdings of Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975), In re Baby Products Antitrust Litigation, 708 F.3d 163 (3d Cir. 2013), and In re Prudential Insurance Company of America Sales Practice Litigation Agent Actions, 148 F.3d 283 (3d Cir. 1998). For the following reasons, the objections raised by State Court Counsel are rejected, the motion is granted, and the proposed order submitted by the parties will be entered with some modifications.

## BACKGROUND

The Court presumes that the parties are familiar with the factual context and the procedural history of the action, which have been set forth at length in several previous Opinions and Orders, and thus the Court will only set forth a brief summary here. (See dkt. 62 & dkt. 63 (November 2015 Opinion and Order); dkt. 124 (December 2016 Order); see also dkt. 117 & dkt. 118 (October 2016 Opinion and Order issued by the Magistrate Judge).)

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

The Federal Plaintiffs currently seek to proceed with this action individually and on behalf of all residents or occupants of the Russell Building at Avalon at Edgewater as identified on the operative lease agreements as of January 21, 2015, whose property in a Russell Building apartment or storage unit was destroyed by a fire that occurred on January 21, 2015.

## DISCUSSION

### I. Objections of State Court Counsel

The Court rejects each of the objections raised by State Court Counsel in the amicus brief. The Court will now address the substantive objections.

#### A. Compensation and Serving Interests of All Potential Class Members

State Court Counsel argues that the claims resolution process "offered by the Proposed Settlement is nearly non-existent and completely fails to redress the injuries suffered by the potential class members," and thus "all class members are agreeing to a sweeping release that gives up all of their past, present, or future claims against defendants arising from or in any way related to the fire." (Dkt. 128 at 16.) State Court Counsel also argues that the class members would be "releasing potentially valuable claims, including claims for emotional distress, fraud, and consumer fraud, in exchange for the limiting claims process." (Id.) State Court Counsel points to the fact that although the potential recovery to a claimant is being portrayed as being uncapped, there are caps for the recovery for food, personal hygiene accessories, holiday decorations, alcohol, and out-of-pocket expenses. (Id. at 18.) Thus, State Court Counsel argues that

"absent class members would be forced to release all claims that have been or could have been brought." (Id.)

The Court rejects this objection. A potential class member is not forced to be part of this process, because each potential class member has the option to be excluded for any reason. (See dkt. 125-6.) Furthermore, the argument concerning the caps for the aforementioned expenses is without merit, because the settlement agreement sets forth a cap only where a class member has no proof of a greater loss. (See dkt. 125-3 at 19–21.) Third, claims for personal injury and emotional distress are not at issue in the federal class action case, and each potential class member may choose to be excluded from the class action in order to pursue such claims.

### B. Prospectively Opted Out

State Court Counsel argues that the approval of the class action would prejudice the rights of plaintiffs who are currently prosecuting individual lawsuits in state court, because — State Court Counsel contends — those plaintiffs have in effect already prospectively opted out of the proposed class action. (See dkt. 128 at 20.)

The Court rejects this objection. There is nothing prejudicial or complicated about requiring an individual to simply send in a notice requesting to opt out of the class action, even if the individual who is opting out is currently involved in litigation in state court. Furthermore, State Court Counsel offers no case law in support of this objection.

### C. Numerosity

State Court Counsel argues that the numerosity requirement set forth in Rule 23(a) has not been met:

> Despite the parties' overwhelming access to the exact number of apartments that have not settled . . . , they fail to present this Court with the number of potential class members other than the contention that they are "in excess of ninety (90)." The Russell Building was comprised of 240 apartments, but the parties have not advised this Court whether any of the apartments were vacant, unrented, or unoccupied as of the fire on January 21, 2015. If there were vacant, unrented, or unoccupied apartments, the total number of potential claims is less than the total number of apartments in the Russell Building.
>
> In addition, although, defendants produced information regarding settlements for twenty-five apartments in their discovery responses dated May 4, 2015, they have not advised [State Court Counsel] or the Court on the total number of settlements as of the date of this motion. Given that the parties submit that the total number of apartments is in excess of ninety, it is safe to assume that more than twenty-five apartments have either settled their cases or were vacant at the time of the fire. Moreover, as of the date of this filing, there are fifty-three apartments engaged in the State Court Action, which will shortly rise to fifty-six, and all of these apartments will opt out the Proposed Settlement if the Court grants the parties' motion leaving thirty-four apartments (ninety minus fifty-six equal thirty-four) that will potentially participate in the Proposed Settlement.

(Dkt. 128 at 12.)

The Court rejects this objection, because it is purely speculative as to how many of the residents of those units will opt out of the class action. That information cannot be known until the Court reviews the papers that will eventually be submitted in support of final approval. At this preliminary stage, the Court finds that the numerosity element is satisfied. See Stewart v. Abraham, 275 F.3d 220, 226–27 (3d Cir. 2001) (holding that the

numerosity element under Rule 23(a) can be satisfied if the *potential* number of class members exceeds forty).

### D. Superiority

State Court Counsel argues that the Proposed Settlement does not meet the superiority requirement of Rule 23(b) because many potential class members have shown that they would prefer to proceed with their own ongoing lawsuits in New Jersey state court, and "[t]hey have no desire to become part of the Putative Class Action." (See dkt. 128 at 14.)

The Court rejects this objection. As the Court stated earlier, there is nothing prejudicial or complicated about simply sending a notice requesting to opt out of the class action. Each tenant, including each litigant who is currently proceeding in state court, has the right to participate in this potential class action.

### E. Opt-Out and Objection Procedures

State Court Counsel argues that:

> the Proposed Settlement imposes onerous and detailed opt-out and objection criteria that must be followed within a short time-period. Potential class members wishing to opt out of the settlement must do so before both the Opt-Out and Objection Date by not only submitting said opt out to the Court but also copying both [Federal Plaintiffs'] counsel and defendants' counsel.

(Dkt. 128 at 20.)

The Court rejects this objection. It appears that the procedure of requiring opt-outs and objections to be sent to the Clerk of the Court and to counsel for the parties to

6

this federal action is neither onerous nor unusual in a class action. See, e.g., In re Elk Cross Timbers Decking Mktg., Sales Practices & Prods. Liab. Litig., No. 15-0018, ECF No. 112 at 7–12 (order preliminarily certifying a settlement class, which sets forth a similar procedure).

In addition, there is nothing to impede State Court Counsel from advising their clients — as the Court presumes that State Court Counsel is in contact with their clients, even if those clients may have recently relocated — on how to proceed if those clients wish to opt out of the class action, particularly because the opt-out procedure is neither onerous nor complicated. See Fed.R.Civ.P. 23(c); Fed.R.Civ.P. 23(e). Indeed, State Court Counsel should contact their clients immediately, if State Court Counsel has not already done so.

The Court notes that State Court Counsel has already been advised that their clients will not be prejudiced by the proposed class action. As the Magistrate Judge found previously, any litigants represented by State Court Counsel:

> have the same choices that every putative class member has to consider.... [T]he class members have the option of either participating, objecting or opting-out of the Class Action Settlement.... [I]f the [litigants represented by State Court Counsel] object to the Class Action Settlement Agreement, they will have an opportunity to prepare a written objection and be heard at the final approval hearing. In other words, ...[the] rights [of the litigants represented by State Court Counsel] are not impaired as they have all the rights of all class members. Their rights are no different and no less than all other class members. As a matter of fact, they have an additional option. The [litigants represented by State Court Counsel] may choose to opt out of the Class Action Settlement and proceed with the pending suit in State court. In that regard, it can be argued that they are more protected than all other class members.

(Dkt. 117 at 10 (citations omitted); see also dkt. 124 at 3 (wherein the Court quoted this finding by the Magistrate Judge).)

## II.  The Proposed Order

The Court now points out the changes that have been made to the parties' proposed order, excluding any stylistic, spelling, or grammatical changes. The Court makes these alterations pursuant to the authority to oversee a "flexible, reasonable approach to notice" in order "to prevent Rule 23 abuse, or to protect the interests of putative class members." In re Nazi Era Cases Against German Defendants Litig., 198 F.R.D. 429, 441 (D.N.J. 2000).

### A.  Preliminary Hearing

The proposed order contains provisions suggesting that a preliminary approval hearing is to be held. (See dkt. 125-6 at 2.) The Court finds that no such hearing is necessary, and thus any such language contained in the proposed order is deleted.

### B.  Objection Deadline

The proposed order suggested that an objection to participation in the class action must be filed no later than 30 days after the date that the settlement notice has been sent to the potential class members. In an excess of caution, and pursuant to the Court's discretion, that deadline will be set at 45 days after the date of the settlement notice. See Weissman v. Philip C. Gutworth, P.A., No. 14-666, 2015 WL 333465, at *6 (D.N.J. Jan. 23, 2015) (extending the time that the parties had set forth in the settlement agreement for putative class members to opt out of the class action by nine days, because the suggested amount of time "may be insufficient").

### C.   Opt Out Deadline

The proposed order suggested that a notification of an intention to be excluded from being a member of the settlement class must be filed no later than 30 days after the date of the settlement notice. In an excess of caution, and pursuant to the Court's discretion, that deadline will be set at 45 days after the date of the settlement notice. See id.

Furthermore, the proposed order neglected to include the provision that the request for exclusion must be mailed to counsel for all parties, in addition to being sent to the Clerk of the Court. (See dkt. 125-3 at 15; dkt. 125-3 at 32; dkt. 125-4 at 11.) That provision will be included in the Court's Order.

### D.   Reply to Objections

The proposed order does not set forth a deadline for a reply to be filed to any potential objections. To address this oversight, the Court will add a provision that requires any such reply to be filed within ten days of the deadline for objections.

### E.   Deadline to Move for Attorneys' Fees, Deadline to Move for Final Approval of the Settlement, and Date of Fairness Hearing

The proposed order and the papers filed in support of the motion offer no suggestions to the Court for a deadline for the Federal Plaintiffs to move for attorneys' fees, for a deadline to move for final approval of the settlement, and for a date to schedule the fairness hearing. (See dkt. 125-6.) Thus, the Court will set those deadlines and dates as it sees fit.

## CONCLUSION

For the aforementioned reasons, the Court grants the motion: to preliminarily certify this matter as a class action for the purposes of settlement only; to appoint the Federal Plaintiffs' counsel — Lite DePalma Greenberg, LLC, Chimicles & Tikellis LLP, and Wilentz, Goldman & Spitzer P.A. — as counsel for the settlement class, and to appoint the Federal Plaintiffs Ebony Cooley and Digna Gutierrez as the class representatives; to preliminarily approve the proposed settlement; to direct notice to class members consistent with the notice plan in the settlement; and to schedule a final approval hearing.

The Court will enter an appropriate Order.

JOSE L. LINARES
United States District Judge

**Dated:** March 13th, 2017